UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NARDA NAVARRO,

        Plaintiff,

v.

BAC HOME LOANS LLC,

        Defendant.

2:11-CV-1557 JCM (GWF)

**ORDER**

Presently before the court is defendant BAC Home Loans Servicing, LP's (improperly named as BAC Home Loans LLC) motion to dismiss complaint for failure to state a claim and expunge lis pendens. (Doc. #5). Plaintiff Narda Navarro filed an opposition. (Doc. #11). Defendant then filed a reply. (Doc. #13).

The property at issue in this case is located at 5260 Coral Vine Way, Las Vegas, Nevada. (Doc. #1, Ex. A). Plaintiff originally purchased this property for $137,000.00 in 2000. (Doc. #1, Ex. A). Plaintiff later refinanced the property by obtaining a loan from Countrywide Home Loans, Inc. for $175,000.00. (Doc. #1, Ex. B). The property was sold pursuant to a trustee's sale on May 23, 2011. (Doc. #5). Plaintiff admits that, at the time of the foreclosure, she was in default on her home loan. (Docs. #11 and #1, Ex. A).

After a car accident left her paralyzed, plaintiff was unable to keep current on her mortgage payments. (Doc. #1, Ex. A). Plaintiff has substantially retro-fitted her house to accommodate her physical abilities. Eviction proceedings are pending in state court, and plaintiff "will be evicted on

**James C. Mahan**
**U.S. District Judge**

1  or about December 2, 2011." (Doc. #11).  The bases for the instant lawsuit are alleged loan
2  modification conversations between plaintiff and defendant which purportedly caused plaintiff to
3  detrimentally rely on defendant's representations. (Doc. #1, Ex. A).
4      Defendant moves to dismiss the complaint for failure to state a claim upon which relief can
5  be granted. (Doc. #5).  The complaint alleges five causes of action: (1) promissory estoppel; (2)
6  wrongful foreclosure/quiet title; (3) misrepresentation; (4) preliminary/permanent injunction; and
7  (5) intentional infliction of emotional distress. (Doc. #1, Ex. A).

## Legal Standard

9      A complaint must include a "short and plain statement of the claim showing that the pleader
10  is entitled to relief." FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the
11  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*
12  *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Pursuant to Federal Rule of Civil
13  Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief
14  can be granted."
15      The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v.*
16  *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Further, the court must draw all reasonable
17  inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547.  However, "[t]o survive a motion to
18  dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is
19  plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).
20  Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a
21  sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are
22  'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and
23  plausibility of entitlement to relief.'" *Id.*

**I.    Count one: promissory estoppel**

25      Promissory estoppel involves a heightened pleading standard. *Hasan v. Ocwen Loan*
26  *Servicing, LLC*, 2010 WL 2757971 at *2 (D. Nev. 2010).  The party claiming estoppel must
27  specifically plead all facts relied on to establish the elements of the claim. *Id.* (citing *Nevada Nat.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 *Bank v. Huff*, 582 P.2d 364, 371 (Nev. 1978)). A promise giving rise to the application of the
2 doctrine of promissory estoppel must be "clear and unambiguous" in its terms. *Hubel v. BAC Home*
3 *Loans Servicing, LP*, 2010 WL 4983456 at *3 (D. Nev. 2010). For the court to recognize a promise,
4 the promise must be definite enough so that the court can "determine the scope of the duty, and the
5 limits of performance must be sufficiently defined to provide a rational basis for the assessment of
6 damages." *Ladas v. California State Automobile Ass'n*, 23 Cal. App. 4th 761, 770 (1993). If the
7 promise is "vague, general or of indeterminate application," it is not enforceable. *Aguilar v.*
8 *International Longshoremen's Union Local No. 10*, 966 F.2d 443, 446 (9th Cir. 1992).

9  Here, the complaint makes only very vague allegations about defendant's alleged promise.
10 Plaintiff's complaint asserts that "she has attempted to modify the loan with the [d]efendant and on
11 numerous occasions[] had been told that she would be able to modify the loan." (Doc. #1, Ex. A).
12 Further, the complaint states that "direct verbal representations were made by representatives of
13 BAC HOME LOANS LLC. . . ." (Doc. #1, Ex. A).

14  Plaintiff has not demonstrated a clear and unambiguous promise upon which she relied.
15 These pleadings fail to provide the court with sufficient information to determine the scope and
16 intent of the alleged promise. Without showing a clear promise from which the court can determine
17 the scope and duties of the parties, the promissory estoppel claim must fail.

18 **II.    Count two: wrongful foreclosure/quiet title**

19  "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can
20 establish that at the time . . . the foreclosure occurred, no breach of condition or failure of
21 performance existed . . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.
22 1983). Thus, the material inquiry in a wrongful foreclosure action "is whether the trustor was in
23 default when the power of sale was exercised." *Id.*

24  Plaintiff admits that she was in default of her loan obligations at the time the foreclosure
25 occurred. (Docs. #11 and #1, Ex. A). Thus, plaintiff's wrongful foreclosure claim fails as a matter
26 of law. *Collins*, 662 P.2d at 623.

27
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Further, as the court discusses in this order, all of plaintiff's substantive claims fail as a
2  matter of law. Thus, plaintiff's quiet title claim fails because it is premised on the substantive claims
3  alleged in this case.

**III.  Count three: misrepresentation**

A claim for fraud or misrepresentation must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Here, plaintiff asserts that "[d]efendant has conducted a misrepresentation by making representations that foreclosure would not occur during the modification process." (Doc. #1, Ex. A). This pleading fails to meet the heightened standards required by Rule 9(b). Plaintiff has not alleged: (1) who made this alleged misrepresentation; (2) when the misrepresentation was made; or (3) what exactly the unspecified party represented. *See Lancaster Com. Hosp.*, 940 F.2d at 405. Accordingly, plaintiff's misrepresentation claim must fail.

**IV.  Count four: preliminary/permanent injunction**

Injunctive relief is a remedy, not an independent cause of action. Further, plaintiff's injunctive remedy claim is predicated on the other substantive claims for relief. As discussed in this order, plaintiff's substantive claims fail to state a claim for which relief can be granted. Accordingly, plaintiff's claim for injunctive relief must likewise fail.

**V.  Count five: intentional infliction of emotional distress**

The elements of a cause of action for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith,* 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car,* 953

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  P.2d 24, 26 (Nev. 1998).

2      The pleadings do not establish "extreme and outrageous conduct" which is "outside all
3  possible bounds of decency and is utterly intolerable in a civilized community." *Id.* Defendant's
4  conduct was lawful and was not intended to cause emotional distress. Thus, plaintiff's intentional
5  infliction of emotional distress claim must fail.

6      Accordingly,

7      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant BAC Home
8  Loans Servicing, LP's motion to dismiss complaint for failure to state a claim and expunge lis
9  pendens (doc. #5) be, and the same hereby is, GRANTED.

10      DATED December 1, 2011.

_/s/ James C. Mahan_
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -